R. C. SMITH *v.* STATE OF ARKANSAS

5469                                                    451 S. W. 2d 744

Opinion delivered March 16, 1970
[Rehearing denied April 20, 1970.]

*E. V. Trimble,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. This is an appeal by R. C. Smith from a robbery conviction. No brief was filed by appellant. The motion for new trial alleges that the verdict is contrary to the law and the evidence, that the conviction is in violation of the equal protection and due process clauses of the State and Federal Constitutions, and that he was convicted without positive identification, and without corroborative testimony. In accordance with our Rule 11, the Attorney General has abstracted the record and properly briefed those assignments of error which may appear to be beneficial to appellant.

The prosecuting witness and the accused were the only witnesses. Waydeen Cochran testified that in January 1968 she operated a grocery store in Little Rock; that R. C. Smith forced her at gunpoint to open her cash register, from which Smith took between seven hundred and eight hundred dollars; and that within approximately one hour the police confronted her with Smith and she made positive identification.

R. C. Smith testified on direct examination that he was acquainted by sight with the prosecuting witness; that he knew the location of her store; and that he positively did not rob her. On cross-examination it was brought out that he did, on the day in question, enter the store to make a purchase; that he parked his car in front of the store and left the motor running; that as he left by way of the front door a policeman stopped him and after brief questioning apparently took him to the station. Further investigation revealed that he had on his person some $200 in cash and a pistol. Appellant asserted that the money consisted of salary he had just drawn and that he had recently bought the pistol for his own protection because "I had been robbed two or three times."

In our summary of the testimony we have not

omitted any evidence which would shed light on the, points listed by appellant in his motion for new trial. The evidence is sufficient to support the verdict and to meet the test of our robbery statute. No evidence was offered which would even imply that any constitutional rights were violated. From the summarized evidence it is apparent that the assertion that the accused was not properly identified is without merit. The defense of lack of corroboration is likewise of no benefit to appellant because Waydeen Cochran was not an accomplice.

Affirmed.